PEKIN, The (SMITH v.). See Case No. 13,-090.

## Case No. 10,911a.

### PELHAM v. PACE.

#### [Hempst. 223.] 1

Superior Court, Territory of Arkansas. Feb., 1833.

BAILMENT—COMPLIANCE WITH TERMS—MAIL AS A SAFE CONVEYANCE.

1. Where a person sent notes to an agent for collection, with directions to remit the money by mail, or some responsible person, and the money

1 [Reported by Samuel H. Hempstead, Esq.]

was sent by a trustworthy youth, eighteen years old, who had transacted business for himself for two years, and his pocketbook, containing this and other moneys, was stolen from him,—*held*, that the agent was not responsible, and that he had substantially complied with the duties which the bailment devolved upon him.

2. The mail is, in legal contemplation, a safe, though not a responsible, mode of conveyance; but a person, notwithstanding infancy, is considered responsible.

Appeal from Pope circuit court. [This was a suit by William Pelham against Alfred E. Pace.]

Before CROSS and CLAYTON, Judges.

OPINION OF THE COURT. This case comes up by appeal from the Pope circuit court. The appellant brought an action of assumpsit to recover money had and received by the appellant to his use. At the trial, neither party required a jury, and the matter was submitted to the court, and a judgment rendered for the defendant. From a bill of exceptions taken by the appellant, the evidence appears to have been that the attorney of the appellant forwarded to the appellee, through the mail, two notes on a man by the name of Logan, with directions to place the same in the hands of a justice for collection, and, when collected, to receive the money, and transmit it to him by mail, or some safe, responsible person; that the appellee received one hundred and thirteen dollars on the notes before the suit was commenced, and handed the same to a youth of seventeen or eighteen years of age, who promised to deliver it to appellant's attorney at Little Rock; that this youth had transacted business for himself, by the consent of his father, for one or two years, was intelligent, honest and trustworthy, as any of his age; that before he had an opportunity of paying it over his pocketbook was stolen, containing that, as well as other moneys; that said attorney had been heard to say that he would have had no hesitancy in sending the money by this same youth in his own case; and finally that appellee received compensation for his trouble. The only question it will be material to consider is whether the appellee discharged himself from liability by transmitting the money in the manner shown by the evidence. In the absence of any express agreement between the parties, or terms imposed at the time of making the bailment, the law steps in and settles the question of duty and liability. The case before us, however, depends upon the terms imposed at the time of transmitting the notes, and acceded to by the appellee in undertaking the collection. He was bound to transmit either by mail, or by a safe, responsible person. The mail, in legal contemplation, is a safe mode of conveyance, but not a responsible one. That mode was not adopted, but the money was forwarded by a youth of seventeen or eighteen years of age, who is shown by testimony to have been intelligent, prudent, and trust-

worthy, and to which the law adds responsibility, notwithstanding his age. On the subject of the liability of minors in such cases, see 11 Petersd. Abr. tit. "Infant," 558. The appellee, we think, in transmitting the money, complied with the terms imposed at the time of receiving the notes for collection. Judgment affirmed.